IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RYLEE MEINTS, BLAKE PESETSKY (a/k/a Bobbie PESETSKY), MATTHEW MITTAN, and ZACHARIAH BORZEKOFSKI, | ) ) ) ) ) ) | Case No.<br><br>COMPLAINT and<br>DEMAND FOR JURY TRIAL |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CITY OF WYMORE, NEBRASKA and WYMORE EMERGENCY MEDICAL SERVICES, | ) ) ) ) ) | |
| Defendants. | ) | |

COMES NOW the Plaintiffs, by and through their attorney, and for their causes of action against the Defendants state as follows:

1. This is an action seeking redress for the violations of the constitutionally and statutorily protected rights guaranteed the Plaintiffs by Title VII of the Civil Rights Act (Title VII), as amended, the Nebraska Fair Employment Act (NFEPA), as amended, §48-1101 *et. seq.*, the First Amendment, and the Equal Protection Clauses of the United States Constitution as brought pursuant to 42 U.S.C. §1983.

2. Plaintiffs are residents of the State of Nebraska.

3. At all times alleged, Defendant, City of Wymore, is a political subdivision existing and operating with the State of Nebraska. Upon information and belief, the City of Wymore, Nebraska receives state and federal funds.

Upon information and belief, Defendant, Wymore Emergency Medical Services, provides professional emergency medical services. Further, all department members are

to be held to a high standard and expected to behave in a manner that represents a strict adherence to moral and ethical values.

4. This court has original jurisdiction over the federal law and constitutional claims and concurrent jurisdiction over the state law claims.

5. Defendants are employers as that term is defined under Title VII and NFEPA and is subject to the First and Fourteenth Amendments of the United States Constitution.

6. Plaintiffs filed timely charges of discrimination and/or retaliation with the Nebraska Equal Opportunity Commission (NEOC) and the Equal Employment Opportunity Commission (EEOC) and have filed the instant action within 90 days of their receipt of the EEOC right to sue notices. Plaintiffs fulfilled their administrative prerequisites prior to filing the instant lawsuit.

7. Plaintiff Rylee Meints is female and engaged in numerous protected activities during her employment with the Defendants.

8. On or about February 2019, Ms. Meints was hired by Defendant's Emergency Medical Services (EMS) department. Ms. Meints was wrongfully terminated in March 2020.

9. Plaintiff Blake Pesetsky a/k/a Bobbie Pesetsky is a transgender individual and is/was transitioning from male to female, does not meet the sexual stereotypes of how males are expected to present themselves, and has non-conforming gender/sex appearance, actions, and behavior.

10. Bobbie Pesetsky commenced employment with Defendant's EMS department on or about July 2017. Due to egregious discrimination, harassment and

retaliation by Defendant's officers, managers, supervisors and/or employees, Bobbie Pesetsky was constructively discharged in August 2019.

11. Plaintiff Matthew Mittan is a gay man who does not meet the sexual stereotypes of how males are expected to present themselves, and has non-conforming gender/sex appearance, actions, and behavior.

12. In approximately April 2015, Mr. Mittan commenced his employment with Defendants as an EMT. In approximately February 2020, Defendants managers and/or supervisors terminated Mr. Mittan by ordering him to turn in the equipment needed to perform his job with Defendants.

13. Plaintiff Zachariah Borzekofski commenced employment with Defendants in February 2019. Due to the egregious harassment and retaliation suffered at the hands of Defendant's officers, managers, supervisors and/or employees, Plaintiff Borzekofski was constructively discharged in approximately February 2020.

14. At all times alleged, Shawna Schwartz, female, was Rescue Chief for Defendant's EMS department.

15. At all times alleged, Jeff Argo, male, was President of Defendant's EMS department.

16. At all times alleged, Darren Allington, male, was Defendant's Assistant Rescue Chief.

17. At all times alleged, Andy Carothers was City Attorney for the City of Wymore, Nebraska.

18. At all times alleged, Milton Pike was the Mayor of the City of Wymore, Nebraska.

19. At all times alleged herein, Defendants' officials, officers, managers, supervisors and/or employees were acting in the scope and course of their office and/or employment with the City of Wymore.

20. At all times alleged herein, the official and/or unofficial customs, policies, practices, "edicts and acts" of Defendants' elected and/or appointed officials, officers, managers and/or employees resulted in the constitutional and statutory deprivation and infringement of Plaintiffs' right to equal protection under the law as mandated by the Fourteenth Amendment of the United States Constitution and their right to free speech protected by the First Amendment of the United States Constitution.

21. Throughout Ms. Meints's employment with Defendant, she was subjected to continued and egregious sexual harassment by Darren Allington, including, but not limited to, continued verbal and written requests for sexual favors. Ms. Meints also witnessed Darren Allington engage in continual and egregious sexual harassment of her co-worker, Bobbie Pesetsky. The sexual harassment she personally experienced and witnessed was so egregious that it adversely affected the terms, conditions, and privileges of Ms. Meints's employment and interfered with her ability to perform her job.

22. In early 2020, Ms. Meints complained about the illegal conduct to Ms. Schwartz, Mr. Carothers, and Mayor Pike. After engaging in such protected activity, Defendants failed to inform Ms. Meints of a February 2020 meeting between the EMS Executive Order (of which she was a member) and the Wymore City Council. Ms. Meints did not attend the meeting due to Defendants' failure to provide her notice.

23. Shortly after engaging in protected activities, i.e., reporting and/or opposing illegal activities, Defendants suspended Ms. Meints for three months for a

pretextual reason. On or about March 2, 2020, Defendants terminated Ms. Meints for a pretextual reason.

24. Bobbie Pesetsky was subjected to egregious and continual written and verbal sexual harassment by Darren Allington, including but not limited to, sexual comments and conduct, requests for sexual favors, and exposure of Allington's genitals to Defendants employees. Other managers, officers, and employees of Defendants who witnessed the sexual harassment of Pesetsky and of other employees took no remedial action; rather, they laughed at the egregious conduct. Bobbie Pesetsky also witnessed the sexual harassment of other employees.

25. Defendants' officers and managers repeatedly demanded that Bobbie Pesetsky inform the patients that she treated that she was transgender. This mandate was not required of non-transgender employees and/or employees who conformed to sexual stereotypes. In addition, Schwartz made discriminatory, derogatory, and offensive comments about Pesetsky and refused to allow Pesetsky to treat patients by herself.

26. After Pesetsky reported the illegal conduct, Defendants retaliated against her by encouraging others to not trust her, not back her up when treating patients and/or when she was engaged in other work and made physical threats against Pesetsky.

27. The egregious sexual harassment, discrimination, and retaliation Pesetsky suffered and witnessed adversely affected the terms, conditions, and privileges of her employment with Defendants, interfered with her ability to perform her job, and resulted in her constructive discharge in August 2019.

28. Throughout Matthew Mittan's employment with Defendants, he was continually subjected to egregious sexual comments by Defendants' managers, officers,

5

and employees. The egregious sexual harassment and discrimination that Mittan suffered and witnessed adversely affected the terms, conditions, and privileges of his employment with Defendants and interfered with his ability to perform his job. After Mittan opposed and/or reported the illegal conduct, Defendants retaliated against him. Mittan was wrongfully terminated by Defendants in February 2020.

29. Plaintiff Borzekofski witnessed many of the illegal actions set forth above and participated in and/or witnessed the reporting of defendant's illegal actions to Defendants' managers, officials, officers, and/or supervisors. After engaging in such protected activities and/or being closely associated with persons who engaged in protected speech, Defendants' managers, officers and/or supervisors threatened Borzekofski with physical violence, harassed him, made derogatory comments about him, and generally made his working conditions so intolerable that he was constructively discharged in February 2020.

30. The matters upon which Plaintiffs spoke, opposed and/or reported involved matters of public concern. Plaintiffs were punished for their constitutionally protected speech involving matters of public concern in a manner that would chill a person of ordinary firmness from continuing to engage in the activities in which Plaintiffs engaged. Plaintiffs were also punished and retaliated against due to their close association with others who engaged in protected speech.

31. The conduct noted herein was unwelcomed and unoffensive to the Plaintiffs. The sexual comments, conduct, and other gender-based discrimination, harassment and/or retaliation suffered by the Plaintiffs was sufficiently patterned, continuous, and egregious to create a hostile working environment.

32. As a result of Defendants' actions, Plaintiffs have suffered injuries, including, but not limited to, past, present, and future, mental suffering, humiliation, inconvenience, emotional and mental anguish and distress, lost wages and the value of job-related benefits, future lost income and value of job-related benefits, damage to reputation, and other special and general damages as allowed under law.

33. Defendants' conduct was willful and/or done in reckless disregard of the Plaintiffs' statutory and constitutional rights.

## COUNT I

Plaintiffs incorporate paragraphs 1 through 33 as if fully set forth herein.

34. Due to their gender and/or non-conforming sexual stereotypes and/or because they are transgender, Plaintiff Meints, Pesetsky, and Mittan were subjected to egregious sexual harassment and a hostile working environment in violation of Title VII, the NFEPA, and the Fourteenth Amendment of the United States Constitution. Said harassment and/or the hostile working environment resulted in Pesetsky's constructive discharge.

35. As a direct, proximate result of Defendants' illegal conduct, Plaintiffs Meints, Pesetsky, and Mittan have suffered compensatory damages, incurred lost wages and the value of job-related benefits, and will continue to incur such damages into the future.

36. Defendants' conduct was willful and/or done in reckless disregard of the Plaintiffs' constitutional and statutory rights.

COUNT II

Plaintiffs incorporate paragraphs 1 through 36 as if fully set forth herein.

37. Due to their gender and/or non-conforming sexual stereotypes and/or because they are transgender, Plaintiff Meints, Pesetsky, and Mittan were subjected to gender-based discrimination in violation of Title VII, the NFEPA, and the Fourteenth Amendment to the United States Constitution. Said unlawful action culminated in their wrongful termination and/or constructive discharge.

38. As a direct, proximate result of Defendants' illegal conduct, Plaintiffs Meints, Pesetsky, and Mittan suffered compensatory damages, incurred lost wages and value of job-related benefits, and will continue to incur such damages into the future.

39. Defendants' conduct was willful and/or done in reckless disregard of the Plaintiffs' constitutional and statutory rights.

COUNT III

Plaintiffs incorporate paragraphs 1 through 38 as if fully set forth herein.

40. Plaintiffs were retaliated against and subjected to a retaliatory hostile work environment after they engaged in one or more protected activities in violation of Title VII, NFEPA, and the Equal Protection Clause of the Fourteenth Amendment. Said unlawful conduct culminated in the Plaintiffs' unlawful termination and/or constructive discharge.

41. As a direct, proximate result of Defendants' illegal conduct, Plaintiffs have suffered compensatory damages, incurred lost wages and value of job-related benefits, and will continue to incur such damages into the future.

COUNT IV

Plaintiff incorporates paragraphs 1 through 41 as if fully set forth herein.

42. Defendants violated Plaintiffs constitutionally protected right to free speech and freedom of association in contradiction of the First Amendment of the Constitution of the United States of America as raised through 42 U.S.C. §1983.

43. As a direct, proximate result of Defendants' illegal conduct, Plaintiffs have suffered compensatory damages, incurred lost wages and value of job-related benefits, and will continue to incur such damages into the future.

WHEREFORE, Plaintiffs requests judgment against Defendants in the following respects:

(a) Declare the acts of Defendants to be in violation of state and federal law;

(b) Award Plaintiffs lost wages and the value of job-related benefits as well as prejudgment interest;

(c) Award Plaintiffs an appropriate amount for compensatory damages;

(d) Order Defendant to reinstate Plaintiffs to their previously held positions or award them front pay and an appropriate amount for the loss of job-related benefits in accordance with the law;

(e) Award the Plaintiffs attorney's fees and costs;

(f) Enjoin Defendants from engaging in any further illegal conduct towards Plaintiffs;

(g) Award such relief as this Court deems just and proper.

s/Vincent M. Powers  
Vincent M. Powers #15866  
Powers Law  
411 South 13th Street, Suite 300

9

Lincoln, NE  68508
402/474-8000
Powerslaw@me.com

## JURY DEMAND

Plaintiffs request that a jury trial be held in Lincoln, Nebraska.

s/Vincent M. Powers_____
Vincent M. Powers #15866