IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RYLEE MEINTS, BLAKE PESETSKY (a/k/a Bobbie Pesetsky), MATTHEW MITTAN, and ZACHARIAH BORZEKOFSKI,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF WYMORE, NEBRASKA, WYMORE EMERGENCY MEDICAL SERVICES, SHAWNA SCHWARTZ, in her individual and official capacity, JEFF ARGO, in his individual and official capacity, DARREN ALLINGTON, in his individual and official capacity, and MILTON PIKE, in his individual and official capacity,<br><br>Defendants. | 4:21-CV-3090<br><br>MEMORANDUM AND ORDER |

## I. BACKGROUND

The plaintiffs filed their original complaint on May 3, 2021. Filing 1. That complaint was never served on the defendants. On May 14, the plaintiffs filed an amended complaint. Filing 3. After the defendants were served, an answer to the amended complaint was filed on June 25. Filing 9. On September 29, the plaintiffs filed a motion for leave to file a second amended complaint. Filing 18. That motion was granted on October 12 (filing 20), and a second amended complaint was then filed on October 14 (filing 21).

The amended final progression order filed on October 28 gave the defendants until December 12 to answer or otherwise respond to the plaintiffs' second amended complaint. Filing 23. On December 10, the defendants filed their motion to dismiss along with a supporting brief. Filing 32; filing 33. On

December 21, the plaintiffs were given leave to respond to the defendants' motion to dismiss on or before January 21, 2022. Filing 35. On January 21, the plaintiffs filed both a response to the defendants' motion to dismiss (filing 38), as well as a motion for leave to file a third amended complaint, together with supporting brief. Filing 36; filing 37.

## II. ANALYSIS

When a party is not allowed to amend a pleading as a matter of course, Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Here, the defendants not only refuse to agree to the plaintiffs' request to allow them to file a third amended complaint, but ask this Court to rule on their previously filed motion to dismiss the plaintiff's second amended complaint. Filing 42.

Even though leave to amend should be freely given, leave to amend is appropriately denied "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012).

The plaintiffs represent that their motion for leave to amend is intended to cure the "deficiencies alleged by the defendants" in their motion to dismiss the plaintiffs' second amended complaint. Filing 43 at 3. The defendants, in their opposition to the plaintiffs' motion, acknowledge that the plaintiffs' proposed third amended complaint "fixes some, but not all, defects" in the second amended complaint. Filing 42 at 5. But yet, the defendants also argue that the plaintiffs should not be given leave to amend because amendment would be futile. The Court finds these assertions to be at odds.

The Court is not inclined, at this juncture, to sort out what has, and what has not been fixed, as well as what is, and what is not futile about the plaintiffs' third amended complaint. The Court also notes that the amended final progression order allows the plaintiffs to file motions to amend or add parties within thirty days of the Court's adjudication of any dispositive motion in response to the plaintiff's second amended complaint. Filing 23.

The Court finds that, in the interests of judicial economy, the better course here would be to grant the plaintiffs leave to file their third amended complaint, and allow the defendants to then respond with their focus on only one complaint.

IT IS ORDERED:

1. The plaintiffs' motion for leave to amend (filing 36) is granted.

2. The plaintiffs' proposed third amended complaint shall be filed on or before May 19, 2022.

3. The defendants shall answer or otherwise respond to the plaintiffs' third amended complaint on or before June 2, 2022.

4. The defendants' motion to dismiss the plaintiffs' second amended complaint (filing 32) is denied as moot.

Dated this 12th day of May, 2022.

BY THE COURT:

_____
John M. Gerrard
United States District Judge

4